IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHANNON TIPTON,<br>*Plaintiff,*<br>v.<br>HOUSTON COUNTY BOARD OF EDUCATION, a local education authority;<br>DAVID SEWELL, in his official capacity as Superintendent of Schools;<br>TIM PITCHFORD, BOBBY HARRELL, KEN LANE, MARTY COLLINS, GARY COX, and JIMMY KILGORE, each in his individual capacity,<br>*Defendants.* | CIVIL ACTION NO.<br>1:17-cv-588-WKW-DAB |

## Amended Complaint

The Plaintiff files this amended complaint within 21 days of the answers and motion to dismiss of the Defendants. FRCivP Rule 15(a)(1)(B).

1.  This is a civil action seeking monetary damages and/or injunctive relief against the several Defendants. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988. Jurisdiction of this matter is in this court pursuant to 28 U.S.C. §§ 1331 and 1343.

1

PARTIES

2.  Plaintiff SHANNON TIPTON is an adult citizen of the United States and a resident of Houston County, Alabama.

3.  Defendant HOUSTON COUNTY BOARD OF EDUCATION is a local education agency established in accordance with Ala. Code § 16-8-1 *et seq*.

4.  TIM PITCHFORD served as Houston County Superintendent of Education from 2005 until the end of December 2016. He is sued in his individual capacity only.

5.  DAVID SEWELL was elected Superintendent of Education in November 2016 and assumed office on 1 January 2017. He was nominated in the Republican Primary of March 2016, and was expected thereafter to become the next Superintendent because there was no Democratic opponent.

6.  SEWELL is sued only in his official capacity as Superintendent of Schools. Plaintiff TIPTON does not allege that he engaged in any unlawful conduct, and he is named solely because Alabama law requires a recommendation by the superintendent and an affirmative vote of the school board members before any Board of Education can take personnel action, including providing the relief requested by the Plaintiff TIPTON. Supt. SEWELL is a party without whose presence the Court cannot accord complete relief to the PLAINTIFF, F.R.Civ.P 19(a)(1)(A), as shown by the statutes listed below.

2

a. "The county board of education shall appoint, upon the written recommendation of the county superintendent, all principals, teachers, clerical and professional assistants authorized by the board." Ala. Code § 16-8-23.

b. "There shall be a county superintendent of education in each county of this state who shall act as the chief executive officer of the county board of education and who shall also be secretary of the county board of education." § 16-9-1.

c. "The county superintendent of education shall nominate in writing for appointment by the county board of education all principals, teachers and all other regular employees of the board. He shall assign them to their positions, transfer them as the needs of the schools require, recommend them for promotion, suspend them for cause and recommend them for dismissal, subject to the provisions of Chapter 24 of this title." § 16-9-23.

7.   The seven members of the BOARD are elected from districts. Ala. Code § 16-8-1(b).

8.   Current members of the BOARD are Defendants KEN LANE, MARTY COLLINS, GARY COX, and JIMMY KILGORE, plus non-defendants Scott Thomas, David Hollinger, and Rickey Moore.

9.   Defendant MARTY COLLINS was elected to the BOARD in November 2016 and took office immediately after the general election. He replaced BOBBY HARRELL who did not seek reelection.

10.  Defendant BOBBY HARRELL was a member of the BOARD during 2016 until the November 2016 general election.

11.  Some current and former members of the BOARD are sued in their individual capacities: KEN LANE, MARTY COLLINS, GARY COX, JIMMY KILGORE, and BOBBY HARRELL.

FACTS

12.  As will be more fully explained below, Plaintiff TIPTON is a well-qualified teacher and psychometrist (a person trained to administer and score psychological and neuropsychological tests for a school system) with twelve years of experience in the Houston County School System four and a half years in the Dothan City School System, half a year in the Enterprise City Schools, and one year in the Chilton County Schools. Despite her experience and qualifications, the BOARD and its former Superintendent PITCHFORD have refused five times to hire her for an administrative position. The evidence will show that these refusals spring from TIPTON's political support of the newly elected Superintendent (SEWELL) who is opposed by most of the members of the BOARD.

13.  Plaintiff TIPTON has a Bachelor's degree in English, Psychology, and Business (Troy University), a Master's degree in English Education (Troy), and current Alabama professional teaching certificates  for Secondary, School Counselor, and School Psychometrist, and a leadership certificate for Instructional Leader (all certificates are Class A, meaning she has a Master's Degree).

4

14.   Supt. SEWELL defeated Matt Swann in the 1 March 2016 Republican Primary. Board Chairman KILGORE is Swann's stepfather. Board member KEN LANE is the father-in-law of Swann.

15.   On information and belief, PLAINTIFF states that KILGORE and LANE influenced BOBBY HARRELL, MARTY COLLINS, and GARY COX to oppose the appointment of TIPTON as Accountability Coordinator.

16.   Plaintiff TIPTON and her husband openly campaigned for SEWELL in the Republican Primary, provided a publicly-reported financial contribution, including in-kind contributions of constructing large campaign signs for SEWELL, and openly and publicly distributed campaign materials at events including widely attended football games in the fall preceding the primary, interacting with supporters of Swann who were engaged in the same type of campaigning.

17.   Plaintiff TIPTON and her husband hosted and catered SEWELL's victory celebration the night of his primary victory.

18.   In or about June 2016 Supt. PITCHFORD posted a notice of a job opening, the position of Accountability Coordinator.

19.   Plaintiff TIPTON applied for the position of Accountability Coordinator.

20.   A committee (containing no members of the BOARD) interviewed Plaintiff TIPTON and rated her as the highest-rated candidate.

21.  On 14 July 2016, Supt. PITCHFORD placed on the board's agenda his recommendation that Plaintiff TIPTON be employed in the previously posted position of Accountability Coordinator.

22.  , Before the 14 July 2016 Board meeting, Supt. PITCHFORD placed next to TIPTON's name on the Board's agenda the notation that incoming superintendent SEWELL requested her appointment.

23.  PITCHFORD's action of placing the note next to TIPTON's name intentionally sent a signal to BOARD members about TIPTON's connection to SEWELL.

24.  Before the Board meeting on 14 July 2016, Supt. PITCHFORD removed Plaintiff TIPTON's name from the personnel-action portion of the agenda.

25.  The BOARD did not vote on the Superintendent's recommendation of Plaintiff TIPTON for the position of Accountability Coordinator on 14 July 2016.

26.  While HARRELL was still a member of the BOARD and prior to (or at) the BOARD meeting of 14 July 2016, he discussed with Board member Moore and SEWELL his opposition to TIPTON's appointment because she was "too political."

27.  Later in the year, Supt. PITCHFORD again placed Plaintiff TIPTON's nomination on the Board's agenda for the 12 December 2016 meeting, but removed her name from the agenda prior to the meeting.

28.  PITCHFORD stated to SEWELL that he removed the TIPTON nomination because he did not want "controversy" at his last meeting as superintendent.

29.  PITCHFORD's statement about "controversy" shows that he had talked with at least some of the BOARD members about the TIPTON nomination.

30.  Supt. SEWELL relisted the recommendation of Plaintiff TIPTON for the Accountability Coordinator position at three meetings in the first half 2017.

31.  Each time Supt. SEWELL relisted the recommendation of Plaintiff TIPTON, her name was placed separate and apart from other personnel matters, contrary to the Board's custom and practice.

32.  By various parliamentary maneuvers or votes, the BOARD refused to confirm SEWELL's recommendation of Plaintiff TIPTON during the first half of 2017.

33.  In preparation for the 12 June 2017 Board meeting, Supt. SEWELL nominated Plaintiff TIPTON and another psychometrist to be approved for summer contract work.

34.  An agent of the BOARD (Dianne Hooper) removed Plaintiff TIPTON's name from the agenda before the 12 June 2017 meeting. Hooper stated to another employee that she was advised to do so by the BOARD's legal counsel.

35. Ala. Code §16-22-15 requires that every position available with a board of education be publicly posted with the required qualifications listed.

36. Plaintiff TIPTON has met or exceeded the required qualifications every time the position of Accountability Coordinator has been posted during 2016 and 2017.

37. No Defendant has provided Plaintiff TIPTON with any explanation why her recommendation for employment has been denied.

38. At any BOARD meeting during 2016 or 2017 and during which a recommendation for the employment of the PLAINTIFF was on the agenda, the BOARD approved all other recommendations for employment.

39. To Plaintiff TIPTON's knowledge, Supt. SEWELL's recommendation of Plaintiff TIPTON for employment is the only personnel recommendation made by SEWELL or PITCHFORD that has not been approved by the BOARD.

40. Plaintiff TIPTON has experienced the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, loss of enjoyment of life, and disruption of her peace of mind as a result of Defendant's unlawful conduct which any reasonable person would have suffered under like circumstances.

41. The School Board Governance Improvement Act, Ala. Code § 16-1-41.1(d)(1), provides in part as follows:

> In conjunction with and as a precondition to the
> installation of any elected or appointed member of a

8

local board of education, and in addition to all other requirements imposed by law, prospective members shall be required for each term of office to affirm publicly and in writing all of the following principles of educational governance:

a. That each decision, action, and vote taken or made as a member of a local board of education shall be based solely on the needs and interests of students or the system.

b. That no decision, action, or vote shall be taken or made to serve or promote the personal, political, or pecuniary interests of the member.

c. That each decision, action, and vote shall be based on the interests of the school system as a whole.

CLAIMS

42.  The actions of the Defendants set forth above violated Plaintiff TIPTON's right of free speech and freedom of association as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

43.  Defendant HOUSTON COUNTY BOARD OF EDUCATION is liable for the violation of Plaintiff TIPTON's rights as set forth above because the members of the BOARD are the persons who, pursuant to Ala. Code §§ 16-8-23 and 16-9-23, have the final authority to make and execute employment policy on behalf of the Houston County School District.

   a.  Specifically, Ala. Code § 16-8-23 provides in pertinent part, "The county board of education shall appoint, upon the written

9

recommendation of the county superintendent, all principals, teachers, clerical and professional assistants authorized by the board."

       b.  Ala. Code § 16-9-23 also provides in pertinent part, "The county superintendent of education shall nominate in writing for appointment by the county board of education all principals, teachers and all other regular employees of the board."

44.  The BOARD members do not interview persons before or after they are recommended by the Superintendent for positions.

45.  The BOARD members generally have no information about a personnel recommendation except the names recommended by the Superintendent for employment on the personnel agenda and their personal knowledge of the person(s) recommended.

46.  The unlawful employment practices complained of and the actions of Defendants and/or their agents were intentional and with malice or with reckless indifference to the BOARD members' duties under the School Board Governance Improvement Act and to Plaintiff TIPTON's statutory and Constitutional rights, entitling Plaintiff TIPTON to damages in the form of compensatory damages and punitive damages to punish the individual-capacity Defendants for their actions and to deter them, and others, from such actions in the future.

QUALIFIED IMMUNITY OF THE INDIVIDUAL DEFENDANTS

47.  To the extent that the individual DEFENDANTS invoke the protection of qualified immunity, such protection is not available in the present case.

48.  At the time of the events described in this Complaint, it was clearly established that it was unlawful to retaliate and/or discriminate against a government employee such as TIPTON for supporting a candidate for Superintendent. Such law was clearly established by, for example, *Branti v. Finkel,* 445 U.S. 507, 515-518 (1980); *Elrod v. Burns,* 427 U.S. 347, 368, 362 (1976); *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 72-73 (1990); *Heffernan v. City of Paterson,* N.J., --- U.S. ----, 136 S.Ct. 1412, 1419 (2016); and *Randall v. Scott*, 610 F.3d 701, 713 (11th Cir. 2010).

49.  At the time of the events described in this Complaint, it was clearly established that, when an employer's agent possessing a discriminatory motive and inducing the formal decisionmaker to "rubber stamp" the decision desired by the agent, both the agent and the rubber-stamping superior are each liable to the employee. This is the "subordinate bias" (or "cat's paw") theory. Such law was clearly established by, for example, *Staub v. Proctor Hosp.,* 562 U.S. 411, 419, 421 (2011); *Stimpson v. City of Tuscaloosa,* 186 F.3d 1328, 1331-32 (11th Cir. 1999); *Llampallas v. Mini-Circuits, Lab, Inc.,* 163 F.3d 1236, 1249 (11th Cir. 1998).

50.  As such, any reasonable education official in the position of the individual DEFENDANTS would have understood that the retaliatory and discriminatory actions towards TIPTON violated her First Amendment rights, and that the preexisting law clearly established the unlawfulness of such actions.

11

PRAYER FOR RELIEF

51.  WHEREFORE, Plaintiff TIPTON prays for judgment against Defendants as follows:

a.  Enjoin all Defendants from interfering in any manner with Plaintiff TIPTON's exercise of rights secured by the First and Fourteenth Amendments to the United States Constitution or from basing any adverse action regarding Plaintiff TIPTON's employment upon her exercise of First Amendment rights;

b.  Enjoin Supt. SEWELL to recommend, and the HOUSTON COUNTY BOARD OF EDUCATION to approve, Plaintiff TIPTON's appointment to the position of Accountability Coordinator for the Houston County Board of Education;

c.  Order the HOUSTON COUNTY BOARD OF EDUCATION to pay lost salary and benefits for the position of Accountability Coordinator from 15 July 2016, plus interest on such sums;

d.  Award compensatory damages to be paid by the BOARD and all individual-capacity DEFENDANTS, jointly and severally, in an amount proved at trial;

e.  Award punitive damages against each individual-capacity DEFENDANT in an amount proved at trial;

f.  Tax the costs of this action against all DEFENDANTS;

g.  Award attorneys' fees to PLAINTIFF; and

h.  Award such other relief as the court deems fair and appropriate under the circumstances.

Submitted by,

/s/ Edward Still

| | |
|---|---|
| Clint Daughtrey | Edward Still |
| General Counsel | 429 Green Springs Hwy STE |
| Alabama Education Association | 161-304 |
| PO Box 4177 | Birmingham AL 35209 |
| Montgomery AL 36103-4177 | Phone & fax: 205-320-2882 |
| | email: still@votelaw.com |

## CERTIFICATE OF SERVICE

I certify that on 25 October 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

| | |
|---|---|
| James R. "Spud" Seale, Esq. | Emily C. Marks, Esq. |
| HILL, HILL, CARTER, | Holbrook E. Reid, Esq. |
| FRANCO, COLE | Ball, Ball, Matthews & Novak, |
| & BLACK, PC | P.A. |
| Post Office Box 116 | 445 Dexter Avenue, Suite 9045 |
| Montgomery, Alabama 36101- | Montgomery, Alabama 36104- |
| 0116 | 3775 |
| | |
| R. Nash Campbell, Esq. | Kevin Walding, Esq. |
| CAMPBELL, DUKE & | Hardwick, Hause, Segrest & |
| CAMPBELL | Walding |
| 851 E. I-65 Service Road | 212 N Lena St |
| Suite 700 | Dothan, AL 36303-4429 |
| Mobile, Alabama 36606 | |

/s/ Edward Still

13