IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHANNON TIPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-588-WKW-DAB |
| ) | |
| HOUSTON COUNTY BOARD ) | |
| OF EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT and RECOMMENDATION**

This comes before the Court on the motion of individual Defendant David Sewall to dismiss the amended complaint against him for failure to state a claim (Doc. 30). An earlier motion (Doc. 22) to similar effect based on the original Complaint is now **MOOT**, and the Clerk is directed to terminate it on the docket. The motion has been fully briefed and is ready for determination.

This case arises from Plaintiff's attempts to secure employment in an administrative position by Defendant Houston County Board of Education ("Board"). (Doc. 27 at ¶¶ 1, 12). Stated generally, Plaintiff alleges that the Board refused to hire her in the position in violation of her free speech and due process rights. (Doc. 27 at ¶ 42). Plaintiff makes no claim that Superintendent Sewall acted improperly or illegally. Indeed, the gravamen of the Amended Complaint is that the

Board refused to follow the Superintendent's recommendation. (Doc. 27 at ¶¶ 42-46). Plaintiff asserts that the Superintendent is a necessary party because, if she prevails in her claims against the Board, the Superintendent must act again so that the Board can respond to the Court's mandate. (Doc. 27 at ¶ 6).

There are three problems with Plaintiff's position. First, there does not appear to be any disagreement between Plaintiff and this Defendant with respect to her qualifications and the Superintendent's willingness to certify and recommend her with or without a court order. Thus, as to these two parties, there is no case or controversy. Secondly, in a similar vein, nothing in the Amended Complaint suggests that the Superintendent would fail to carry out the ministerial step of recommending Plaintiff as required in the event of a judgment in her favor. Thus, even if Alabama law is construed to require action by the Superintendent as a prerequisite to a hiring decision, Plaintiff has not alleged any need for him to be formally named as a party. Finally, Plaintiff fails to recognize the implications of suit against a public official in his official capacity. Properly considered a legal fiction, official capacity suits are deemed in reality to be against the official's office or agency. *See Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1278 (11th Cir. 1998)("[C]laims against the defendants in their official capacities were, in effect, claims against the State of Alabama…"). Here, that agency is the Board of Education, which is itself a named party. Official capacity claims against the

Superintendent are redundant and to a certain extent confusing (particularly since some of the free speech claims are predicated on Plaintiff's political support for Superintendent Sewall when he was a candidate).

Based on the foregoing reasons, it is respectfully recommended that the claims against defendant David Sewall be **DISMISSED** without prejudice, that the motion (Doc. 30) be **GRANTED** (and the motion at Doc. 22 be **DENIED** as **MOOT**) and that the case proceed against all other defendants.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before December 19, 2017. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.,* 667 F.2d 33 (11th Cir. 1982).

**Respectfully recommended,** this 5th day of December, 2017.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE